**Below is the Order of the Court.**



Karen A. Overstreet
U.S. Bankruptcy Judge
**(Dated as of Entered on Docket date above)**

---

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT AT SEATTLE

| | |
|---|---|
| In Re: | |
| RICHARD ALAN GIEBEL, | NO. 13-18835-KAO |
| Debtor. | |
| RICHARD ALAN GIEBEL, | Adv. No. 13-01610-KAO |
| Plaintiff, | JUDGMENT AND FINAL ORDER |
| ROSIE STYRON, | |
| Defendant. | |

This matter came before the Court for trial on July 22, 2014. Defendant and Counterclaimant Rosie Styron ("Styron"), by and through her attorney, Daniel L. Hembree, contested Plaintiff Richard Alan Giebel's Complaint to Void and Strip Lien From Record Title and for Determination of Lack of Secured Status and sought determination that the debt owed her by Plaintiff was secured pursuant to 11 U.S.C. § 1322(b)(2) and asserted counterclaims seeking an order of nondischargeability of the debt pursuant to 11 U.S.C. § 523(a)(2)(A) and § 523(a)(6).

JUDGMENT AND FINAL ORDER- 1

The Hembree Law Firm, PLLC
21 Avenue A, Suite D
Snohomish, WA. 98290
360-863-3185  dan@snocolegal.com

Plaintiff was represented at trial by Kenneth J. Schneider.  Defendant Styron was represented by Daniel L. Hembree.  The Court, having considered the pleadings, testimony, exhibits, and arguments offered by the parties at trial in support of their positions, issued its findings of fact and conclusions of law on August 29, 2014 pursuant to Fed. R. Civ. P. 52 and Fed. R. Bankr. P. 7052.

In accordance with this Court's Findings of Fact and Conclusions of Law, which are incorporated herein by reference:

IT IS HEREBY ORDERED, adjudged and decreed that Judgment be entered against Plaintiff Richard Alan Giebel in the amount of $82,968.78, plus post-judgment interest at the federal rate, and that such amount is non-dischargeable under 11 U.S.C. § 523(a)(2);

IT IS FURTHER ORDERED that Defendant Styron's claim under § 523(a)(6) is denied; and

FURTHER ORDERED that because the property securing the Deed of Trust is worth more than the senior lien against the property, there is some equity to secure the Deed of Trust; therefore, the Plaintiff may not strip the Deed of Trust from the property pursuant to 11 U.S.C. Sec. 1322(b)(2).

Determination by the Court of an award to Defendant Styron of her attorney fees and costs will be upon further motion or agreement of the parties.

///End of Order///

Presented by:

*/s/ Daniel L. Hembree*

Daniel L. Hembree, WSBA #37109
Attorney for Defendant Rosie Styron

JUDGMENT AND FINAL ORDER- 2

The Hembree Law Firm, PLLC
21 Avenue A, Suite D
Snohomish, WA. 98290
360-863-3185  dan@snocolegal.com